FRANK SEAMAN, Inc., v. STIRN et al.

(Supreme Court, Appellate Division, First Department. April 8, 1910.)

1. PLEADING (§ 367*)—MOTION—MORE DEFINITE AND CERTAIN.

Where a complaint seems to count on three separate contracts, without showing any relation between them, if it is plaintiff's contention that the two are modifications of the first, and he wishes to rely on the original contract as so modified, the complaint should so state unequivocally; and is subject to a motion to make more definite and certain.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 1173–1193; Dec. Dig. § 367.*]

2. PLEADING (§ 368*)—MOTIONS—NUMBERING CAUSES OF ACTION.

Where a complaint seems to count on three separate contracts, without showing any relation between them, if plaintiff is desirous of suing on three separate causes of action, his complaint is subject to a motion to separately number the causes of action alleged.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 1194–1198; Dec. Dig. § 368.*]

Appeal from Special Term, New York County.

Action by Frank Seaman, Incorporated, against Louis A. Stirn and others, as partners. From an order denying a motion to make the complaint more definite and certain, and to separately number causes of action, defendants appeal. Reversed.

Argued before INGRAHAM, P. J., and McLAUGHLIN, SCOTT, CLARKE, and DOWLING, JJ.

Vincent P. Donihee, for appellants.
Waldo G. Morse, for respondent.

DOWLING, J. In its present form the complaint herein appears to set forth three different and distinct causes of action: (1) One based upon a contract made on February 18, 1908, between I. M. Simpson, for and on behalf of the Textile Publishing Company, and the defendants, thereafter assigned, after part performance, to the plaintiff by the Textile Publishing Company, at the request of the defendants, and with their knowledge and approval; the plaintiff assuming certain indebtedness and performing the balance of that contract. (2) A further independent contract, made as part of the consideration for such assignment, whereby the defendant agreed to pay plaintiff, in return for securing the advantages of its business facilities, a further sum of 10 per cent. upon the price to be paid under the contract of February

18, 1908, for. certain booklets and other matter. (3) A separate and independent contract, made at some unknown date, whereby the plaintiff furnished and delivered to the defendants, upon their order, certain printed matter and stationery at the agreed price of $868.19, and whereby certain advertising was to be done.

It is nowhere alleged that the last two contracts were modifications of the original contract, or formed any part thereof, and the complaint furnishes no means by which it can be determined with certainty how the amount sued for is arrived at or apportioned between these three contracts. The defendants are entitled to know whether the plaintiff is relying upon the original contract, subsequently modified by mutual agreement, and, if such is plaintiff's contention, it should state so unequivocally. If, on the other hand, the plaintiff is suing upon three separate causes of action, then they must be separately numbered and stated, and it must appear how much is sought to be recovered upon each of them.

The order appealed from must therefore be reversed, with $10 costs and disbursements, and the application granted to the extent indicated, with $10 costs of motion. All concur.